# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

**DANTE GAMBOA,**

                         **CASE NO.: 1:16-cv-02350-ELR-RGV**

**v.**

**MERRICK BANK CORPORATION, CARSON
SMITHFIELD, LLC, and FINANCIAL BUSINESS
AND CONSUMER SOLUTIONS, INC.,**

    **Defendants.**
_____/

## RESPONSE TO DEFENDANTS MERRICK BANK CORPORATION AND CARSON SMITHFIELD, LLC'S MOTION TO DISMISS COMPLAINT

Plaintiff Dante Gamboa, by and through undersigned counsel, and pursuant to the Federal Rules of Civil Procedure, hereby responds to Defendants Merrick Bank Corporation and Carson Smithfield, LLC Motion to Dismiss the Complaint (Doc. 11), and in support states as follows:

**INTRODUCTION**

Defendants' Motion to Dismiss should be denied.  Plaintiff has more than adequately stated a claim under the FDCPA by alleging that Defendants continued to telephone him after he instructed them to stop.  Further, Plaintiff has sufficiently alleged the existence of a "debt" under the FDCPA and any additional information is already in Defendants' possession and would not go towards satisfying the statutory definition.  With respect to the TCPA, the overly-detailed allegations that Defendants request are not required by law.  Finally, Plaintiff has standing under Article III because he has alleged violations of substantive rights created by statute, which under recent Eleventh Circuit case law is a proper basis for standing.

**FACTUAL AND PROCEDURAL BACKGROUND**

1.     Plaintiff filed the Complaint in the above-captioned case on June 29, 2016.  Doc. 1.

2.     Plaintiff's Complaint asserts claims under the Telephone Consumer Protection Act ("TCPA") and the Fair Debt Collection Practices Act ("FDCPA") against the defendants.

3.     Plaintiff's claims are based on calls received from Defendant Merrick Bank Corporation ("Merrick") and several of its debt-collector agents that were

made to Plaintiff after he expressly instructed them to stop calling him.  Doc. 1, ¶¶ 10-19.

4.     On August 10, 2016, Defendants Merrick and Carson Smithfield, LLC ("Carson Smithfield") (collectively with Merrick, "Defendants") filed a Motion to Dismiss the Complaint and a memorandum in support of that motion (the "Motion to Dismiss").  Doc. 11.

5.     Plaintiff herein responds to the Motion to Dismiss.

## MOTION TO DISMISS STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the allegations must be plausible and sufficient to raise a right to relief above a speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007). However, "a short plain statement of the claim is all that is required . . . . "  *Id*. Moreover, while a sufficient complaint requires "more than an unadorned, the defendant-unlawfully-harmed-me accusations," it does not require "detailed factual allegations."  *Ashcroft v. Iqbal*, No.: 07-1015, 556 U.S. 662, 678, 129 S. Ct. 1937, 1950 (May 18, 2009).

A complaint "must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007). A complaint "should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations." *Id*.; *see also Kindred Hosp. E., LLC. v. PH0110552 Contractors & Merchants*, No. 09-60697-CIV, 2009 WL 2611944 (S.D. Fla. Aug. 24, 2009).

## ARGUMENT

**A.   Plaintiff's Complaint states a claim against Carson Smithfield for violation of the FDCPA**

### 1.  The Complaint Alleges that Carson Engaged in Unlawful Activity

Defendants first argue that "Plaintiff fails to allege which subsection of Section 1692d Carson Smithfield has allegedly violated." Doc. 11-1, p. 7. However, Defendants' argument is defeated by the statutory language itself.

Under 15 U.S.C. § 1692d, "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. ***Without limiting the general application of the foregoing***, the following conduct is a violation of this section . . ." The statute goes on to list some specific examples of such conduct. The specific

subsections of § 1692d "merely provide[] an illustration of the sort of conduct that is prohibited by § 1692d." *Penny v. Williams & Fudge, Inc.*, 840 F. Supp. 2d 1314, 1320 (M.D. Fla. 2012) (*quoting Diaz v. D.L. Recovery Corp.*, 486 F. Supp. 2d 474, 477 (E.D. Pa. 2007).

In other words, Plaintiff does not need to cite a specific subsection of § 1692d to state a claim under that provision of the FDCPA. *See Meadows v. Franklin Collection Svc.*, 414 Fed. Appx. 230, 232-33 (11th Cir. 2011) (noting that the subsections are "a non-exhaustive list of prohibited conduct.").

### 2.    Plaintiff has sufficiently pleaded a claim under § 1692d because Defendants calls continued after Plaintiff told the Defendants to stop

The conduct set forth in the Complaint states a claim under § 1692d. "[C]laims under § 1692d should be viewed from the perspective of a consumer whose circumstances makes [sic] him relatively more susceptible to harassment, oppression, or abuse." *Meadows v. Franklin Collection Svc.*, 414 Fed. Appx. 230, 232-33 (11th Cir. 2011) (*quoting Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1178 (11th Cir. 1985).

Numerous cases have held that continuing to call a debtor after a verbal demand for such calls to cease constitutes a violation of 15 U.S.C. § 1692d. *See*

*Pratt v. CMRE Fin. Svcs.*, 2012 WL 86957, at *3-4 (E.D. Mo. Jan. 11, 2012) *Moore v. Firstsource Advantage, LLC*, 2011 WL 4345703, at *14 (W.D.N.Y. Sep. 15, 2011) ("[C]ontrary to Defendant's contention, even if a debtor never submits a written cease and desist demand, a collector's conduct following a verbal demand still can violate the FDCPA by constituting harassment or abuse."); *Kerwin v. Remittance Assistance Corp.*, 559 F. Supp. 2d 1117, 1124 (D. Nev. 2008) (a genuine issue of material fact existed with respect to claimed violation of § 1692d where debt collector continued to call plaintiff even after being verbally informed it had the wrong number); *Barnes v. Seterus, Inc.*, 2013 WL 6834720, at *2-3 (S.D. Fla. Dec. 26, 2013) ("Considering the frequency of Defendant's calls, 1.5 times a day, despite being told to stop, Plaintiff has made a plausible claim that Defendant intended to harass Plaintiff, and not to simply get in touch."); *Bingham v. Collection Bureau, Inc.*, 505 F. Supp. 864 (D.N.D. 1981) (holding that when a call was terminated and the collection agency called back immediately, that subsequent call alone could constitute harassment under § 1692d(5) regardless of the content of the call).

Defendants argue that "[r]epeated calls – standing alone – are insufficient to constitute a violation of Section 1692d(5)," (Doc. 11-1, p. 7) but the calls here were not "standing alone."  They came with a demand from Plaintiff to cease and Defendants refused.  Doc. 1, ¶ 14.

The case law Defendants cite betrays their own position.  For instance, Defendants cite *Lardner v. Diversified Consultants, Inc.*, 17 F. Supp. 3d 1215[1] (S.D. Fla. 2014).  But the Court there granted summary judgment because the plaintiff did not "set forth any additional evidence of egregious or harassing behavior, such as requesting the communications stop," which is exactly the conduct alleged here.  *Id*. at 1226.  *See* Doc. 11-1, pp. 7-8; *Valle v. Nat'l Recovery Agency*, 2012 WL 1831156, at *2 (M.D. Fla. May 18, 2012) (plaintiff there "never demanded cessation of the calls"); *Tucker v. CBE Group, Inc.*, 710 F. Supp. 1301, 1305 (M.D. Fla. 2010) ("Notably, Defendant never even spoke to Plaintiff . . .  and Plaintiff did not request that CBE cease calling."); *Clayton v. Asset Plus Cos., LP,* 2014 WL 6388430, at *3 (S.D. Tex. Nov. 14, 2014) ("[W]here courts have found that plaintiffs have stated a claim for harassment or abuse, a high volume of phone calls is typically accompanied by allegations of other objectionable conduct" and

---

[1]   Defendants' Motion to Dismiss includes an apparently incorrect citation to *Lardner*, which instead references the defendant's motion for summary judgment in that case.  Doc. 11-1, p. 7.

7

citing a case where a cease and desist demand was present); *Shand-Pistilli v. Prof. Account Svcs., Inc.*, 2010 WL 2978029, at *5 (E.D. Pa. July 26, 2010) (finding that where plaintiff "asked defendant to stop contacting her but defendant refused to do so" was "factually sufficient to support a plausible claim of relief under section 1692d(5).").  All of the cases Defendants cite to support their position actually undermine it.

The crux of this cause of action is that Defendants began calling Plaintiff to collect a debt, Plaintiff told them to stop calling him, and they continued unabated. That is harassment.

Defendants' Motion to Dismiss should be denied.


### 3. Plaintiff withdraws without prejudice claims under § 1692e and § 1692f

Defendants also assert that Plaintiff has failed to allege sufficient facts under 15 U.S.C. § 1692e and does not allege additional conduct besides the claims raised under 15 U.S.C. § 1692d to raise a claim under § 1692f.  Plaintiff concedes Defendants' arguments and will withdraw without prejudice the alleged violation of those two FDCPA subsections.

**B.      Plaintiff Has Sufficiently Alleged The Existence of a "Debt"**

Defendants next argues that Plaintiff has "provided no details" regarding the debt they were attempting to collect.  Doc. 11-1, pp. 10-11.  Defendants do not assert what details are not present.  Nor do Defendants explain why they cannot assess whether it is a "debt," when Defendant Merrick Bank is the original creditor of the debt, Carson Smithfield was collecting it, and they attach to their motion what they claim to be the contract creating the debt.

Under 15 U.S.C. § 1692a(5), a "debt" means "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."  Plaintiff has asserted that the debt at issue satisfies that standard.  Doc. 1, ¶ 10.  *See Perk v. Worden*, 475 F. Supp. 2d 565, 569 (E.D. Va. 2007) ("Plaintiff alleges that the debt was incurred for personal use, and at this stage of the proceedings that is sufficient to properly state a claim."); *see also Pierce v. Calvary SPV I, LLC*, 2013 WL 6773632, at *4 (W.D. Pa. Dec. 20, 2013) ("Here, Plaintiff has alleged that her purported debt was 'for

personal, family, or household purposes.' The Court finds these allegations are sufficient to survive a motion to dismiss.") (internal citations omitted).

While Plaintiff recognizes that the Complaint allegations relating to the debt are not overly-detailed, providing additional details will not assist Defendants in any way because: (1) identifying the form of the debt (i.e., credit card, promissory note, IOU, etc.), when it was incurred, or how much is owed, does nothing to satisfy the elements of the statutory definition of a "debt"; and (2) Defendant Merrick is already in possession of the necessary information.  Indeed, Defendants have improperly attached to their motion what they allege to be the contract creating the debt.  Doc. 11-1, Ex. A.  For them to now argue that they cannot determine "whether the calls truly constitute an attempt to collect a 'debt' within the meaning of the FDCPA," is disingenuous.  Doc. 11-1, p. 11.  Because Plaintiff has sufficiently asserted the existence of a "debt" under the FDCPA, Defendants' Motion to Dismiss should be denied.

**C.    Plaintiff has stated a cause of action under the TCPA**

Defendants next argue that Plaintiff must allege the dates and identifying phone numbers of calls to him alleged to be in violation of the TCPA. Plaintiff has alleged several of the phone numbers from which Defendants called Plaintiff. Doc. 1, ¶¶ 16-17. As discussed below, Plaintiff need not allege the dates on which he revoked any consent for Defendants calls.

Defendants cite one case, *Augustin v. Santander Consumer USA, Inc.*, 43 F. Supp. 3d 1251 (M.D. Fla. 2012). However, *Augustin* is inapposite here. There, the plaintiff, Augustin, alleged that the defendant was calling his cell phone to collect a "debt quite possibly belong[ing] to his girlfriend who has had previous business dealings with either Defendant." *Id*. at 1254. The Court agreed with the defendant that it "cannot check the files of the intended recipient of the calls, Plaintiff's girlfriend, without her name or either of their cell phone numbers, or the numbers from which the calls were allegedly placed." *Id*. The Court held that lack of information would not give the "defendant fair notice of what the … claim is and the ground upon which it rests." *Id*. But that situation is not present here because there is nothing preventing Defendants from checking their own files for the information it claims is missing.

11

Other cases have held that such a high level of detail as Defendants request is not appropriate at the pleading stage. In *Robbins v. Coca-Cola Co.*, 2013 WL 2252646, at \*2-3 (S.D. Cal. May 22, 2013), the defendant moved to dismiss, arguing "that by failing to allege the exact dates, time, SMS codes, cellular phone numbers, contents, and other details . . .," the plaintiff failed to state a claim. *Id*. at \*1. The Court rejected that argument, holding that "to plead a TCPA claim, Plaintiffs need only allege two elements: (1) a call to a cellular telephone; (2) via an ATDS [automatic telephone dialing system]." *Id*. at \*2. Because the plaintiff made such allegations, the motion to dismiss was denied. S*ee also Manfred v. Bennett Law, PLLC*, 2012 WL 6102071, at \*2 (S.D. Fla. Dec. 7, 2012) (finding plaintiff sufficiently pleaded claim under TCPA 'by alleging that Defendants used an automatic telephone dialing system or an artificial or pre-recorded voice to place the telephone calls to Plaintiff's cellular phone').

The level of detail sought by Defendants is akin to the heightened pleading standard for an allegation of fraud. *See* Fed.R.Civ.P. 9(b); *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1237 (11th Cir. 2007) ("[U]nder Rule 9(b), it is sufficient to plead the who, what, when, where, and how of the allegedly false statements and

then allege generally that those statements were made with the requisite intent."). That level of detail is not required here.

Defendants cites an unverified, unauthenticated document from outside the four corners of the complaint to allege that "Merrick and Carson Smithfield were authorized – and had Plaintiff's consent – to call him regarding any debts." Doc. 11-1, p. 12. Defendants use that document to argue that Plaintiff's claims fail as a matter of law.

Under the TCPA, it is the defendant's burden to prove that it had initial consent to make cell phone calls using an automated dialing system. *See Lardner*, 17 F. Supp. 3d at 1224 ("[P]rior express consent" is "an affirmative defense for which the defendant bears the burden of proof.") (internal citations omitted). Here, Defendants allege that they have already met their burden before any discovery has even occurred. But the contract they attach does not identify Plaintiff in any way, does not include Plaintiff's name, does not contain Plaintiff (or Defendants') signature, does not name Defendant Carson Smithfield, is unauthenticated and unverified.[2] The document should be disregarded. Plaintiff respectfully requests the Court deny Defendants' Motion to Dismiss.

---

2   To the extent Defendants claim that the authenticity of the document is unchallenged, they are incorrect.

**D.      Plaintiff has Article III standing based on Defendants' violation of his substantive rights**

Finally, Defendants assert that Plaintiff lacks standing to assert these claims. Doc. 11-1, pp. 16-17.   However, Defendants argument misinterprets Supreme Court case law to reach that conclusion.

The Supreme Court recently addressed the issue of standing in the context of another consumer protection statute, the Fair Credit Reporting Act., in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016).  For constitutional purposes, "standing consists of three elements." Id. at 1547.  These are that "the plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.*

Defendants, like the defendant in *Spokeo*, appear to be challenging only the first of these elements, whether Plaintiffs suffered an "injury in fact." "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 136 S. Ct. at 1548 (quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 559–560, (1992)).

---

Plaintiffs will challenge the authenticity of this document in discovery.

The *Spokeo* decision "reaffirmed three important principles of its standing jurisprudence: first, that 'concrete' is not synonymous with tangible; second, 'that Congress may 'elevate to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law,'; and third, that the risk of harm alone can satisfy the requirement of concreteness."   *Dickens v. GC Svcs. Ltd. P'ship*, 2016 WL 3917530, at *2 (M.D. Fla. July 20, 2016).   An injury-in-fact, as required by Article III, "may exist solely by virtue of 'statutes creating legal rights, the invasion of which creates standing ....'" *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373 (1982) (q*uoting Warth v. Seldin*, 422 U.S. 490, 500 (1975)); *see also Palm Beach Golf Ctr.-Boca, Inc. v. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1251 (11th Cir. 2015).

Very recently, the Eleventh Circuit interpreted *Spokeo* and found standing can exist by virtue of a defendant not complying with the law.   In *Church v. Accretive Health, Inc.*, ____ Fed. Appx. ____, 2016 WL 3611543, at *1 (11th Cir. July 6, 2016), the plaintiff, Church, did not receive certain disclosures required under a provision of the FDCPA.   The Eleventh Circuit recognized that, by enacting that FDCPA provision, "Congress has created a new right—the right to receive the required disclosures in communications governed by the FDCPA—and

a new injury—not receiving such disclosures." *Id*. at *3.  In holding that the

plaintiff therefore had Article III standing, the Eleventh Circuit held that:

> "The invasion of Church's right to receive the disclosures is not
> hypothetical or uncertain; Church did not receive information to which
> she alleges she was entitled. While this injury may not have resulted in
> tangible economic or physical harm that courts often expect, the
> Supreme Court has made clear an injury need not be tangible to be
> concrete. Rather, this injury is one that Congress has elevated to the
> status of a legally cognizable injury through the FDCPA." *Id*. (internal
> citations omitted).

The FDCPA and the TCPA establish substantive, not procedural, rights to be

free from harassing calls that consumers have not consented to receive. "Both

history and the judgment of Congress suggest that violation of this substantive

right is sufficient to constitute a concrete, *de facto* injury. As other courts have

observed, American and English courts have long heard cases in which plaintiffs

alleged that defendants affirmatively directed their conduct at plaintiffs to invade

their privacy and disturb their solitude." *A.D. v. Credit One Bank, N.A.*, 2016 WL

4417077, at *7 (N.D. Ill. Aug. 19, 2016) (holding that standing exists for violations

of the TCPA) (*citing Mey v. Got Warranty, Inc.*, No. 5:15 C 101, 2016 WL

3645195, at *3 (N.D.W.V. June 30, 2016) ("[T]he TCPA can be seen as merely

liberalizing and codifying the application of [a] common law tort to a particularly

intrusive type of unwanted telephone call."); *Caudill v. Wells Fargo Home Mort., Inc.*, No. 5:16-066-DCR, 2016 WL 3820195, at *2 (E.D. Ky. July 11, 2016) ("[The] alleged harms, such as invasion of privacy, have traditionally been regarded as providing a basis for a lawsuit in the United States.")).

"Congress enacted the TCPA to protect consumers from the annoyance, irritation, and unwanted nuisance of telemarketing phone calls, granting protection to consumers' identifiable concrete interests in preserving their rights to privacy and seclusion." *Id. See also Prindle v. Carrington Mtg. Svcs.*, LLC, 2016 WL 4369424, at *7-11 (M.D. Fla. Aug. 16, 2016). Defendants' Motion to Dismiss appears to conflate the "concrete harm" required for standing with actual  damages. That is not the standard set forth by the Supreme Court.

Here, as in *Church*, Plaintiff has alleged violation of statutorily-created, substantive rights to not receive harassing calls to his cell phone made by an automated dialing system.  Because Plaintiff has alleged Defendants violated those rights, Plaintiff has standing under Article III.  Defendants' Motion to Dismiss should be denied.

## <u>CONCLUSION</u>

For the reasons set forth above, Plaintiff respectfully requests that Defendants' Motion to Dismiss be denied.

Dated:  August 31, 2016                    Respectfully Submitted,

                                           **CENTRONE & SHRADER, PLLC**
                                           612 W. Bay St.
                                           Tampa, Florida 33606
                                           Phone:  (813) 360-1529
                                           Fax:    (813) 336-0832


                                           /s/ Sumeet Shah_____
                                           **SUMEET SHAH, ESQ.**
                                           Georgia Bar No. 122408
                                           e-mail: sshah@centroneshrader.com
                                            Attorney for Plaintiff




## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 31, 2016, a true and correct copy of the forgoing was filed with the Clerk of Court for the Northern District of Georgia through the CM/ECF system that will give notice to all parties of record.

                                           /s/ Sumeet Shah_____
                                           Counsel for Plaintiff

18