# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| DANTE GAMBOA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO. |
| v. | ) | |
| | ) | 1:16-cv-02350-ELR-RGV |
| MERRICK BANK CORPORATION, | ) | |
| CARSON SMITHFIELD, LLC, and | ) | |
| FINANCIAL BUSINESS AND | ) | |
| CONSUMER SOLUTIONS, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MERRICK BANK CORPORATION AND CARSON SMITHFIELD, LLC'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO THE MOTION TO DISMISS

Pursuant to Local Rule 7.1(C), Merrick Bank Corporation ("Merrick") and Carson Smithfield, LLC ("Carson"), Defendants in the above-styled action, reply to Plaintiff's Response in Opposition to the Motion to Dismiss the Complaint ("Response") [Doc. 20] to address a single issue.  In the Motion to Dismiss, Merrick and Carson explained why Plaintiff's failure to sufficiently plead facts regarding his alleged revocation of consent is fatal to the Complaint.  In his Response, Plaintiff completely ignored his failure to include these details in his Complaint and likewise ignored Defendants' arguments addressing why such details were important and necessary.  Instead, Plaintiff's Response highlights the critical importance of his

alleged revocation by making it central to his claim under the Fair Debt Collection Practices Act ("FDCPA") in addition to his claims under the Telephone Consumer Protection Act ("TCPA").

Despite the acknowledged significance in this lawsuit of Plaintiff's alleged revocation of consent to be contacted on his cell phone, Plaintiff refuses to provide any factual enhancement to his vague claim that at some unspecified time he told someone, also not specified, to stop calling his cell phone. Plaintiff's failure to allege any factual specificity regarding the purported revocation is fatal to his Complaint.

A pleading containing mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, plaintiffs are required to make factual allegations which are "enough to raise a right to relief above the speculative level." *Id.* at 555. Stated differently, a complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).

In his Response, Plaintiff acknowledged some of the deficiencies in the Complaint, withdrawing two of the three claims he brought under the FDCPA and deciding to proceed solely under § 1692(d) of the FDCPA. (Response p. 5-8.) Instead of identifying a particular subsection of § 1692(d) that Defendants allegedly violated, Plaintiff's FDCPA claim is based entirely on the allegation that

"Defendants [sic] calls continued after Plaintiff told the Defendants to stop". (Response p. 5.)   Accordingly, Plaintiff's FDCPA claim is based solely on his alleged revocation of consent.  (Response pp. 5-8.)  In fact, Plaintiff acknowledges that the "crux" of this cause of action is that "Plaintiff told [Defendants] to stop calling him."  (Response p. 8.)

Plaintiff's TCPA claims also rest on his alleged revocation of consent.  To state a claim under the TCPA, a plaintiff must allege that: (1) a call was made to a cell or wireless phone, (2) by the use of an automatic dialing system or an artificial or prerecorded voice, and (3) without prior express consent of the called party. *Augustin v. Santander Consumer USA, Inc.*, 43 F. Supp. 3d 1251, 1253 (M.D. Fla. 2012).   "[A]utodialed and prerecorded message calls to wireless numbers provided by the called party in connection with an existing debt are made with the 'prior express consent' of the called party . . . such calls are permissible. . . . [T]he provision of a cell phone number to a creditor, e.g., as part of a credit application, reasonably evidences prior express consent by the cell phone subscriber to be contacted at that number regarding the debt." *In re Rules Implementing the Tel. Consumer Prot. Act of 1991*, 23 FCC Rcd. 559, ¶ 9–10 (2008) (footnotes omitted).  To the extent that Plaintiff claims to have revoked consent, the details surrounding Plaintiff's alleged revocation are critical to the claims at issue.

Plaintiff's alleged revocation of consent to be called on his cell phone is at the heart of Plaintiff's FDCPA and TCPA claims.  Despite this fact, Plaintiff refused to address the failure of the Complaint to include these critical facts and allegations and refuses to provide any factual enhancement of the naked assertion that he asked "Defendants to stop calling him."  As such, Plaintiff has failed to raise his right to relief above the vague and speculative level. Who did he ask to stop calling him?  Which of the "Defendants"?  When did he ask someone to stop calling him?  How did he communicate the request?  The answers to these questions are crucial to Plaintiff's claims.  By way of example only, as a matter of law, Carson could not be held liable if the revocation of consent occurred after Carson ceased making alleged phone calls to Plaintiff.

Simply put, Plaintiff's bare, conclusory allegation that he asked "Defendants to stop calling him" lacks the specificity that *Twombly* and *Iqbal* demand.

WHEREFORE, Merrick and Carson pray that Plaintiff's Complaint be dismissed as to Merrick and Carson and for such other and further relief as this Court deems just and proper.

Respectfully submitted this 14th  day of September, 2016.

Respectfully submitted,

**HOLLAND & KNIGHT LLP**


 */s/ A. André Hendrick*
A. André Hendrick, Esq.
Georgia Bar No. 774212
Joshua H. Roberts, Esq.
*(Admitted pro hac vice)*
Florida Bar No. 42029

Regions Plaza, Suite 1800
1180 West Peachtree Street
Atlanta, Georgia  30309
Telephone:  (404) 817-8500
E-Mail:  andre.hendrick@hklaw.com

50 N Laura Street, Suite 3900
Jacksonville, FL 32202
Telephone: (904) 353-2000
E-Mail: joshua.roberts@hklaw.com

*Attorneys for Defendants Merrick*
*Bank Corporation and Carson*
*Smithfield, LLC*

## <u>LR 7.1(D) FONT COMPLIANCE CERTIFICATION</u>

The undersigned counsel for Defendants Merrick Bank Corporation and Carson Smithfield, LLC hereby certifies that the within and foregoing document was prepared using Times New Roman 14-point font in accordance with Local Rule 5.1B of the United States District Court for the Northern District of Georgia.

Respectfully submitted this 14th day of September, 2016.

HOLLAND & KNIGHT LLP


*/s/ A. André Hendrick*
A. André Hendrick, Esq.
Georgia Bar No. 774212
Regions Plaza, Suite 1800
1180 West Peachtree Street, N.W.
Atlanta, GA 30309-3407
(404) 817-8500 (phone)
andre.hendrick@hklaw.com

*Attorneys for Defendants Merrick Bank*
*Corporation and Carson Smithfield, LLC*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| DANTE GAMBOA, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO. |
| v. | ) | |
| | ) | 1:16-cv-02350-ELR-RGV |
| MERRICK BANK CORPORATION, | ) | |
| CARSON SMITHFIELD, LLC, and | ) | |
| FINANCIAL BUSINESS AND | ) | |
| CONSUMER SOLUTIONS, INC., | ) | |
| | ) | |
|    Defendants. | ) | |
| | ) | |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have this day caused to be served a true and correct copy of the foregoing **MERRICK BANK CORPORATION AND CARSON SMITHFIELD, LLC'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO THE MOTION TO DISMISS THE COMPLAINT** with the Clerk of Court by using the CM/ECF system, which will automatically send e-mail notification of such filing to the following Counsel of Record:

Sumeet Shah, Esq. (GBN 122408)
Centrone & Shrader, PLLC
612 W. Bay Street
Tampa, Florida 33606
Telephone:  (813) 360-1529
Facsimile:  (813) 336-0832
E-Mail:  sshah@centroneshrader.com
*Attorney for Dante Gamboa*

Michael K. Chapman, Esq. (GBN 322145)
Bedard Law Group, P.C.
2810 Peachtree Industrial Blvd., Suite D
Duluth, Georgia 30097
Telephone: (678) 253-1871
E-Mail: mchapman@bedardlawgroup.com
*Attorney for Defendant, Financial Business and Consumer Solutions, Inc.*

Respectfully submitted this 14th day of September, 2016.

*/s/ A. André Hendrick*
A. André Hendrick, Esq.
Georgia Bar No. 774212

2

#47971734_v1